IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KRISTOPHER DAVIS, )<br>　　　Plaintiff, )<br> )<br>v. )<br> )<br>BANK OF AMERICA, N.A., )<br>　　　Defendant. ) | No. 2:25-cv-03088-SHL-cgc |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING MOTION TO DISMISS**

　　Before the Court is the Defendant Bank of America, N.A.'s ("Bank of America") Unopposed Motion to Compel Arbitration and Dismiss Action, filed February 9, 2026. (ECF No. 10.) In the Motion, Bank of America asserts that Plaintiff Kristopher Davis filed this action "[i]n contravention of his agreement to arbitrate the claims in this action on an individual basis." (ECF No. 11 at PageID 72.) However, according to the Motion, Davis "now acknowledges that he is bound by the Bank's Arbitration Policy," and "counsel for Plaintiff agreed that pursuant to the Bank's Arbitration Policy." (Id. at PageID 72, 74.)

　　There appears to be no dispute between the Parties as to whether the Court should compel arbitration. Therefore, the Motion is **GRANTED** to the extent that it seeks to refer the matter to arbitration.

　　At the same time, although Plaintiff does not oppose arbitrating his claims, it is not clear in the Motion or in its supporting memorandum and affidavits whether he agrees that his complaint should be dismissed upon the Court referring his claims to arbitration. Defendant cites to at least eleven cases from the Sixth Circuit and district courts within the Circuit that support the proposition that the Court can, and should, exercise its discretion to "dismiss

Plaintiff's action because all of his claims against the Bank are subject to arbitration." (Id. at PageID 80.)

But all of the cases Defendant cites were decided prior to Smith v. Spizzirri, 601 U.S. 472 (2024). That case removed the Court's discretion to dismiss a case upon referring it to arbitration, holding that, "[w]hen a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration" Smith, 601 U.S. at 475–76. Accordingly, to the extent that the Motion seeks to dismiss the case, the Motion is **DENIED**. If Plaintiff agrees that a dismissal is appropriate instead of a stay, an appropriate notice shall be filed with the Court.

**IT IS SO ORDERED,** this 10th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE